DECISION AND JUDGMENT ENTRY
This appeal comes to us from the Lucas County Court of Common Pleas. There, following a jury trial, appellant was convicted of two counts of rape and one count of kidnaping arising out of the abduction of and sexual assault on a five-year old girl. Because we conclude that the trial court did not abuse its discretion when it found the victim competent to testify, the verdict was not against the weight of the evidence and the defendant was not denied effective assistance of counsel, we affirm.
On April 11, 1991, an intruder entered the Toledo home of five-year old Jamie C. and took her from her bed while her mother and her mother's boyfriend lay sleeping in adjacent rooms. The abductor took the girl to a nearby abandoned house where he penetrated her anally and orally. The man then returned Jamie to her home some time after 4:00 a.m.
Upon her return home, Jamie woke her mother and told her of these events. The mother accompanied Jamie to the abandoned house and found evidence consistent with Jamie's report. The mother did not, however, notify the police, possibly because the she was involved in drug activity at her house. Two days later, an anonymous call reported the incident to the Lucas County Children Services Bureau ("CSB"). After conducting an investigation, a CSB caseworker removed Jamie from her home.
Upon being interviewed by CSB, Jamie told of being taken from her bed and being twice raped by a stranger, a large black man with a big belly and beer breath. A medical examination of Jamie revealed injuries consistent with anal intercourse. In a police interview approximately two months later, Jamie reiterated her story. Police told Jamie that if she again saw the man that raped her she should tell an adult.
On July 2, 1992, while Jamie was in a car with her grandfather, she saw appellant, David Purnell, on a Toledo street and identified him to her grandfather as the man who had abducted and raped her. Police arrested appellant, charging him with kidnaping and two counts of rape.
Appellant pled not guilty and moved in limine to exclude the victim's identification of him on the ground that she was incompetent to testify because of her age. However, the court, after interviewing the child, determined that she was competent to testify and overruled appellant's motion.
The matter proceeded to a jury trial, at which, the victim identified appellant as the man who kidnaped and raped her. In his defense, appellant presented several alibi witnesses — friends and relatives, who testified that on the night in question, appellant was in Detroit with them, digging up a sewer line. According to these witnesses, appellant worked until 4:00 a.m. at this project. The jury, nevertheless, convicted appellant on all counts. The court then sentenced appellant to two concurrent life sentences for the rapes and an indefinite sentence of ten to twenty-five years for kidnaping, also to be served concurrently.
Appellant initially perfected a direct appeal to this court in 1992. We dismissed that appeal when appellant's appellate counsel failed to file a brief. When a 1997 motion to reopen was denied as untimely, appellant sought a writ of habeas corpus in the United States District Court, Northern District of Ohio, on the ground of ineffective assistance of appellate counsel. The federal court granted a conditional writ which ordered that appellant's direct appeal be reinstated by January 3, 2000, or he be released. We reinstated appellant's direct appeal.
Appellant sets forth the following three assignments of error:
"ASSIGNMENT OF ERROR NO. 1:
 "THE TRIAL COURT ABUSED ITS DISCRETION AND DID NOT FOLLOW THE LAW IN ITS DETERMINATION THAT JAMIE CLEVELAND WAS A COMPETENT WITNESS, THEREBY PERMITTING HER TO TESTIFY AT TRIAL.
 "ASSIGNMENT OF ERROR NO. 2:
 "THE JURY'S FINDING OF FACT AND VERDICT OF GUILTY WITH REGARD TO THE CHARGES OF RAPE AND KIDNAPING ARE AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE AND ARE THEREFORE CONTRARY TO LAW.
 "ASSIGNMENT OF ERROR NO. 3:
 "THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL ATTORNEY FAILED TO ENGAGE THE USE OF EXPERT WITNESSES AND FAILED TO PROCURE TESTIMONY AND EVIDENCE THAT WOULD HAVE ASSISTED APPELLANT IN DEMONSTRATING HIS INNOCENCE"
 I.
Appellant, in his first assignment of error and the sufficiency of evidence portion of his second assignment of error, challenges the propriety of the trial court's determination that Jamie C., six years old at the time of the trial, was competent to testify.
In material part, Evid.R. 601 provides:
"Every person is competent to be a witness except:
 "(A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly." Evid.R. 601(A)
 "In determining whether a child under ten is competent to testify, the trial court must take into consideration (1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful." State v. Frazier (1991), 61 Ohio St.3d 247, syllabus.
See, also, Annotation (1988), Witness: Child Competency Statutes, 60 ALR 4th 369.
The determination of whether a child under the age of ten is competent to give testimony rests in the sound discretion of the court and will not be disturbed absent an abuse of that discretion. Id. at 251. An abuse of discretion is more than an error of judgment or of law, the terms connotes that the court's attitude is arbitrary, unreasonable or unconscionable. State v.Long (1978), 53 Ohio St.2d 91, 98.
Appellant attacks the court's competency voir dire piece by piece. For example, the child's response to the court's question as to when school started was "September." When asked how far away that was, she responded "a month." Appellant asserts this represents an inaccurate assessment of time because the voiddire occurred on August 25.
While Jamie specifically answers questions concerning the name of her school, her teacher and her school principal, appellant counters that there is nothing in the record to verify whether her answers are correct. When she responded that her school principal was "Miss Kynard" and that this was a man, appellant interprets this as meaning that Jamie either misunderstood the question or does not know the difference between a man and a woman.
When the court asked, "Why is it bad to lie?" Jamie responded, "If you tell a lie in church you do down with God." Appellant characterizes this response as "odd and ambiguous." Jamie's apparent confusion between the meanings of a "secret" and a "promise," is indicative of a "lack of cognitive development," according to appellant.
We would expect that excessive scrutiny of any communication between an adult and a six year old would yield a list of discrepancies and miscommunications. A competency voirdire, however, must be viewed in its entirety. Moreover, since the judge conducting the voir dire is in the best position to observe the child's demeanor and reactions, great deference must be afforded his opinion. State v. Lewis (1982), 4 Ohio App.3d 275,277 citing Barnett v. State (1922), 104 Ohio St. 298, 301.
In the voir dire at issue here, Jamie made several accurate observations about the judge and his office. She was able to recall and relate the name of the school she had attended the prior year and her teacher's name. She stated that she knew the difference between the truth and a lie and that it was better to tell the truth. Given these responses, and our obligation to afford the trial court some deference, we cannot say that the trial court abused its discretion when it concluded that Jamie C. was competent to testify. Accordingly, appellant's first assignment of error and the insufficiency of evidence prong of his second assignment of error are not well-taken.
 II.
In the remaining portion of his second assignment of error, appellant insists that the jury's verdict was against the manifest weight of the evidence. In a criminal context, a verdict may be overturned on appeal if it against the manifest weight of the evidence. In a manifest weight analysis, the appellate court acts as a "thirteenth juror" to determine whether the jury lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered. Statev. Thompkins (1997), 78 Ohio St.3d 380, 387.
In this matter, we have reviewed the entire record of these proceedings. We fail to find that the jury lost its way in resolving conflicts in the evidence. Accordingly, the remaining portion of appellant's second assignment of error is not well-taken.
 III.
In his remaining assignment of error, appellant asserts that he was denied effective assistance of counsel, because trial counsel 1) failed to engage an expert to assist the court in determining Jamie C.'s competency to testify; and, 2) failed to submit proposed questions to the judge for use in Jamie C.'s competency voir dire.
 "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction * * * has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. * * * Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable." Strickland v. Washington (1984), 466 U.S. 668, 687. Accord, State v. Smith (1985), 17 Ohio St.3d 98, 100.
Scrutiny of counsel's performance must be deferential.Strickland v. Washington at 689. In Ohio, a properly licensed attorney is presumed competent and the burden of proving ineffectiveness is the defendant's. State v. Smith, supra. Counsel's actions which "might be considered sound trial strategy," are presumed effective. Strickland v. Washington at 687. "Prejudice" exists only when the lawyer's performance renders the result of the trial unreliable or the proceeding unfair. Id. Appellant must show that there exists a reasonable probability that a different verdict would have been returned but for counsel's deficiencies. See id. at 694. See, also, State v.Lott (1990), 51 Ohio St.3d 160, for Ohio's adoption of theStrickland test.
Both of the omissions that appellant insists constitute ineffective assistance go to trial counsel's failure to more aggressively attack the competency of the six-year old witness. In our view, during the voir dire and in her trial testimony, Jamie C. was lucid and clear in her responses. Appellant has presented us with no persuasive evidence that an expert or submission of voir dire questions to the judge would have created a reasonable probability of a different result from the competency hearing or a concomitant different result in the verdict. Accordingly, appellant's third assignment of error is not well-taken.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
 ___________________________ SHERCK, J.
 Melvin L. Resnick, J., Mark L. Pietrykowski, J., JUDGES CONCUR.